Hall, J.
1. Although the ordinary of a county who took'partin the larceny of county property under his care, before the qualification of his successor, might have been indicted for embezzlement, yet where he was indicted as an accessory before the fact who counseled, commanded, advised and instigated others to commit a larceny of property found in the courthouse of the county, where it had been deposited for sife keeping, and was convicted of a misdemeanor because the property stolen was valued at less than fifty dollars, sueh eomiction was legal. Code, §§4413, 4418, 4306.
2. The evidence, taken together, was sufficient to show beyond a reasonable doubt that the indictment was found and returned within the time required by the statute of limitations after the commission of the offense.
3. Where one indicted as principal on a charge of larceny from the house pleaded guilty, and his plea entered of record, this was sufficient to authorize the court to proceed with the trial of another defendant indicted as an accessory before the fact, although no judgment had been rendered on the plea of guilty entered by the principal. 25 Ga., 301, 304.
(a) Where, pending the trial of the accessory, the'court permitted the principal to withdraw his plea of guilty, there was no error of which the defendant could complain in charging the jury that the plea of *381 •guilty, which was filed and entered by the principal before the trial of the accessory began, was still before them and might be considered by thém only to show that fact; that it was not conclusive evidence of the guilt of the principal, and that they should consider other evidence •outside of that furnished by the record to establish this fact. 46 Ga., :298, 300, 301.
Barrow & Thomas; G. H. Sutton; Crane & Jones;. E. K. Lumpkin, for plaintiff in error.
W. S. Erwin, solicitor general, by Harralson & Loring ; S. C. Dunlap; Claud Estes, for the state.
.(b) The court went too far in indulging the defendant, when he permitted the principal to withdraw his plea of guilty pending the trial •of the accessory and offered the defendant an opportunity to withdraw his case and have a mistrial declared on that account.
4. A defendant may be convicted of a lower grade of the offense than that with which he stands charged in the indictment. Therefore, where the defendant was charged with being an accessory before the fact in a larceny of goods of more than fifty dollars in value, a verdict finding him guilty of a misdemeanor because the goods were of less value than fifty dollars, was not illegal.
Judgment affirmed.